UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            Case Number 07-20243-BC
                                            Related Case Number 08-50303-BC
KENNETH E. YAROCH,                Honorable Thomas L. Ludington

        Defendant,
_____/

## ORDER REGARDING COSTS OF SUPERVISION

On July 22, 2009, the Court entered a criminal judgment committing Defendant Kenneth E. Yaroch to the custody of the U.S. Bureau of Prisons for one day; and imposing a three-year period of supervised release, a $100 assessment, $0 in fines and restitution, and requiring Defendant to pay the costs of supervision. Subsequently, a U.S. Probation Officer accurately informed the Court that the costs of supervision should be delineated in the judgment as part of the regular fine amount, rather than as a separate line item, citing § 230.10 of Volume 8, Part G, of the Guide to Judiciary Policy (citing U.S.S.G § 5E1.2(d)(7) and 18 U.S.C. § 3572(a)(6)). The probation officer indicated that as of May 6, 2009, supervision costs are $311.94 per month.

Effective November 1, 1997, U.S.S.G § 5E1.2 was amended to direct federal courts to consider the expected costs of imprisonment and supervision in determining the fine amount to be imposed. *See* § 230.10 of the Guide to Judiciary Policy. The fine amount, upon receipt, is deposited by the government into the Crime Victims Fund, and is not in fact used to reimburse the government for the costs of imprisonment or supervision. *Id.* Prior to November 1, 1997, costs of supervision were separately ordered, despite the fact that the amounts paid were deposited into the Crime Victims Fund, and not actually used to reimburse the government. *Id.* Thus, the amendments to

U.S.S.G § 5E1.2 appear to have been directed at eliminating the erroneous assumption fostered by the guidelines that the government was actually being reimbursed for the costs of imprisonment and supervision when such costs were imposed. *Id.*

On March 5, 2010, the Court ordered the parties to show cause why the judgment should not be amended pursuant to Federal Rule of Criminal Procedure 36. The government did not file a response, but Defendant did so on March 26, 2010. *See* [Dkt. # 67]. Defendant contends that the judgment should not be amended because it clearly reflects the Court's intent that Defendant not pay a fine, but be required to pay the costs of supervision. Defendant asserts that when an order accurately captures the Court's intention, but the ruling is in error, Rule 36 does not apply.

To a certain extent, Defendant is correct that the judgment accurately reflects the Court's intent. The Court did not intend for Defendant to pay a punitive financial fine into the Crime Victims Fund, but for Defendant to reimburse the government for the costs of supervision. What is lacking in the guidelines and the government's accounting practices, however, is a mechanism to effectuate the Court's intent. As the Court has only recently learned, the government has not established an accounting method to accomplish reimbursement of the costs of supervision. Accordingly, the Court will separately issue an amended judgment terminating Defendant's obligation to pay the costs of supervision as of the date of the amended judgment. Defendant will remain obligated to pay the costs of supervision, $311.94 per month, for the period of time between the original judgment and entry of the amended judgment.

                                                s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

Dated: June 28, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 28, 2010.

        s/Tracy A. Jacobs
        TRACY A. JACOBS